# IN THE COURT OF APPEALS OF IOWA

No. 18-1544
Filed December 19, 2018

**IN THE INTEREST OF S.M.,**
**Minor Child,**

**T.M., Father,**
    Appellant.

_____

Appeal from the Iowa District Court for Cass County, Amy L. Zacharias, District Associate Judge.

A father appeals the termination of his parental rights. **AFFIRMED.**

William T. Early, Harlan, for appellant father.

Thomas J. Miller, Attorney General, and Anagha Dixit, Assistant Attorney General, for appellee State.

Karen L. Mailander of Mailander Law Office, Anita, guardian ad litem for minor child.

Considered by Tabor, P.J., and Mullins and Bower, JJ.

**MULLINS, Judge.**

A father appeals the termination of his parental rights to S.M., born in 2006. He contends the State failed to prove the statutory grounds for termination by clear and convincing evidence and termination is not in the child's best interests. We review termination-of-parental-rights proceedings de novo. *In re L.M.*, 904 N.W.2d 835, 839 (Iowa 2017).

As to the statutory grounds for termination, the juvenile court terminated the father's parental rights under Iowa Code section 232.116(1)(b) and (e) (2018). "[W]e may affirm the juvenile court's termination order on any ground that we find supported by clear and convincing evidence." *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010). Termination under Iowa Code section 232.116(1)(e) may be ordered if:

> (1) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (2) The child has been removed from the physical custody of the child's parents for a period of at least six consecutive months.
> (3) There is clear and convincing evidence that the parents have not maintained significant and meaningful contact with the child during the previous six consecutive months and have made no reasonable efforts to resume care of the child despite being given the opportunity to do so. For the purposes of this subparagraph, "significant and meaningful contact" includes but is not limited to the affirmative assumption by the parents of the duties encompassed by the role of being a parent. This affirmative duty, in addition to financial obligations, requires continued interest in the child, a genuine effort to complete the responsibilities prescribed in the case permanency plan, a genuine effort to maintain communication with the child, and requires that the parents establish and maintain a place of importance in the child's life.

The father does not challenge the establishment of the first two elements. Instead, he challenges the third element, contending that he has had some contact with the

child during the previous six consecutive months. He also argues that he continued to pay child support until he was no longer able to work.

The child's case with the Iowa Department of Human Services (DHS) has been open for four years, during which the child has largely resided with his mother. The mother relapsed in July 2017 and S.M. began living with the father and his wife. The child was subsequently removed from the father's care in February 2018 due to a domestic altercation, during which the father was arrested for assaulting his wife. After the child's removal, the record provides that what the father identifies as contact with the child were really incidental occurrences in which they happened to run into each other, not scheduled visitation. Further, the father failed to contact DHS to attempt to schedule visitation. There is clear and convincing evidence that during the previous six months, the father failed to take any affirmative steps to resume care of the child or maintain any significant or meaningful contact with the child. We conclude the State met its burden for termination under section 232.116(1)(e).

The father also claims termination is not in the best interests of the child, contending there is a clear bond between himself and the child. He argues that due to the mother's status as sole legal and physical custodian of the child, she can control his access and protect the child from any adverse influence. Further, this would allow the father the opportunity to positively influence the child in the future. When determining whether termination is in the best interests of a child, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2).

On our de novo review of the record, we find the child's best interests are served by termination of the father's parental rights.  To the extent the father argues the exception contained in Iowa Code section 232.116(3)(c), it is the father's burden to show the provision applies.  *See In re A.S.*, 906 N.W.2d 467, 476 (Iowa 2018). We find no evidence in the record "termination would be detrimental to the child . . . due to the closeness of the parent-child relationship."  Iowa Code § 232.116(3)(c). We conclude the father failed to meet his burden.

We affirm the juvenile court's order terminating the father's parental rights.

**AFFIRMED.**